UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| SUNNI NOBLE, | ) | | |
| | ) | | |
| Plaintiff, | ) | No. | FILED: JULY 22, 2008 |
| | ) | | 08CV4147 |
| vs. | ) | Judge | JUDGE ST. EVE |
| | ) | Magistrate Judge | MAGISTRATE JUDGE NOLAN |
| COOK COUNTY; | ) | | |
| THOMAS DART, Cook County Sheriff; and | ) | | |
| Cook County Correctional Personnel | ) | | PH |
| NOAH ROBINSON, | ) | | |
| SGT. ELLIOTT GREENE, and | ) | Jury Demand | |
| Unknown Cook County Correctional Officer | ) | | |
| JOHN DOE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. At all relevant times, Defendants ROBINSON, GREEN, and JOHN DOE were correctional officers employed at the Cook County Jail, and acted in the course and scope of their employment, and under color of state laws, ordinance and/or regulation. Defendants ROBINSON, GREEN, and JOHN DOE are sued in their individual capacities.

5. THOMAS DART is the Sheriff of Cook County and is sued in his official capacity.

### Facts

6. On or about July 28 or 29, 2006, Plaintiff was taken to the receiving area at the Cook County Department of Corrections.

7. In the receiving area, Defendant-Officer ROBINSON told Plaintiff to remove the beads from his hair.

8. Plaintiff asked for a comb or a "pen top" to take the beads out of his hair.

9. Defendant-Officer ROBINSON told Plaintiff to remove the beads from his hair, telling Plaintiff: "Bitch, take the beads out of your hair or I'll beat your ass."

10. Plaintiff began to pull the beads out of his hair.

11. While Plaintiff was standing in line, Defendant-Officer ROBINSON walked behind Plaintiff and choked Plaintiff with both hands.

12. Plaintiff asked Defendant-Officer ROBINSON what was going on. Defendant-Officer ROBINSON pulled Plaintiff out of the line and dragged Plaintiff into the tunnel.

13. Defendant-Officer ROBINSON grabbed Plaintiff and kneed him in multiple parts of his body, including his stomach, face, and below the belt.

14. Plaintiff crumpled to the floor in pain. Plaintiff did not resist and did not know what was going on or why Defendant-Officer ROBINSON was beating him.

15. Defendant-Officer JOHN DOE joined Defendant-Officer ROBINSON in physically abusing Plaintiff. Defendant-Officers ROBINSON and JOHN DOE picked up Plaintiff, who was lying on the floor, and they rammed him head first into a hard plastic bench.

16. Plaintiff briefly lost consciousness.

17. Plaintiff heard other inmates were asking what Plaintiff had done and why the Defendant-Officers were beating him.

18. Plaintiff turned his head to look up at a garage door closing. A Defendant-Officer stomped on Plaintiff's face. Plaintiff's head slammed to the floor, which caused Plaintiff to sustain a broken nose and a large gash on his chin.

19. Defendant GREEN arrived and joined the Defendant-Officers in beating Plaintiff.

20. Defendants ROBINSON, GREEN, and DOE took turns stomping and kicking Plaintiff's head and face, including his eyes.

21. Plaintiff thought that Defendants ROBINSON, GREEN, and DOE were going to beat him until he died.

22. The beating continued until two other Cook County correctional officers came down the hall and yelled at the Defendants to stop beating Plaintiff: "Stop doing that to that guy! What are you doing?!"

23. The other corrections officers then picked up Plaintiff and carried him to the medical exam area in the receiving area.

24. After the two corrections officers left, Defendant GREEN hit Plaintiff in the face right in front of the medical person who was asking Plaintiff who had done this to him. GREEN hit Plaintiff when he told the medical person that he had been beaten by the Defendants.

25. The medical person said to Defendant GREEN, incredulously: "You're gonna hit this guy right in front of me?"

26. Plaintiff received treatment for his injuries at Cermak Hospital.

27. As a result of the beating, Plaintiff suffered two black eyes; a broken nose, which caused him to have difficulty breathing; swelling and bruising of his face, upper body, arms; a gash on his chin, for which he got stitches; partial vision impairment; migraine headaches; and pain from his hair being pulled out of his head.

28. The day after the incident, an officer Plaintiff knows as Lieutenant Hahn, who was assigned to Cermak Hospital, got a camcorder to record Plaintiff's injuries. Plaintiff had to undress, so Lieutenant Hahn gave the camcorder to two male officers to record the injuries.

29. Plaintiff recounted the incident to a counselor in Division 2.

30. Plaintiff filed a detainee grievance at the Cook County Department of Corrections regarding the incident. Plaintiff's grievance was denied, and his appeal was denied.

31. When Plaintiff was released, he received treatment at the University of Chicago Hospital.

32. Later, in about December of 2006, or January of 2007, Plaintiff was treated at Menard Hospital for symptoms related to injuries he sustained from the above incident.

33. Each individual Defendant acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

34. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, attorneys' fees, property damage, and other damages.

35. Each individual Defendant personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct.

36. Each individual Defendant-Officer and Defendant-Sergeant knew of and condoned the unlawful conduct, and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

37. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38. Defendants ROBINSON, GREEN, and DOE violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendants,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

39. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

40. While Plaintiff was subjected to excessive force as described above, Defendants ROBINSON, GREEN, and DOE had an opportunity to intervene, but chose not to intervene.

41. The Defendants were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendants,

b) Award Plaintiff* compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – *Monell* Claim against the THOMAS DART)

42. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

43. At all times material to this Complaint, there existed in the Cook County Jail the following practices, policies and customs:

> a. arbitrary use of excessive force against pretrial detainees at the Cook County Jail;
>
> b. mental abuse, oral abuse and assault of pretrial detainees at the Cook County Jail
>
> c. a *code of silence* in which correctional officers fail to report misconduct by other correctional officers;
>
> d. said *code of silence* includes correctional officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct, and protect themselves and other officers;
>
> e. failure to adequately train, supervise and discipline correctional officers;
>
> f. failure to adequately investigate complaints and grievances against correctional officers for the type of misconduct alleged by Plaintiff in this Complaint;
>
> g. failure to adequately discipline correctional officers for the type of misconduct alleged by Plaintiff in this Complaint, and described above;

44. The actions of Defendants ROBINSON, GREEN, and DOE as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs.

45. The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to Defendant DART.

46. Defendant DART acted with deliberate indifference to the rights of Plaintiff in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

5

47. By his inaction and failure to correct the above-described practices, policies and customs, Defendant DART tacitly approved and thus indirectly authorized the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against THOMAS DART;

b) Award Plaintiff compensatory damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

48. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

49. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant COOK COUNTY is liable for any judgments in this case.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant COOK COUNTY to indemnify the Defendants for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595